UNITED STATES DISTRICT COURT

NORTHERN DISTRCIT OF GEORGIA

| | |
|---|---|
| ANDREA L MARION,<br><br>Plaintiff,<br><br>vs.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC,<br><br>Defendant | Case No.: Number:1:23-cv-05919-MLB-JCF<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS** |

## STANDARD OF REVIEW

Andrea L Marion, the Plaintiff in the above-captioned, respectfully submits this Opposition to Defendant Mercantile Adjustment Bureau, LLC's Motion to Dismiss. When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff Barker v. Riverside Cty. Office of Educ., 584 F.3d 821, 824 (9thCir.2009); *see* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9thCin 1996); Jones v. General Elec.Co. 87F.3d 209, 211 (7thCir.1996). If the complaint provides fair notice of the claim, and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Brooks v. Ross, 578 F.3d 574, 581 (7th Cir 2009). Only if no possible construction of the alleged facts will entitle the Plaintiff to relief should the court grant the Defendant's motion. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).

If the factual allegations in the Plaintiffs complaint support any legal theory that entitles the Plaintiff to some relief; the court should deny the Defendant's motion to dismiss.

## INTRODUCTION

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 1

On May 25, 2021, Plaintiffs consumer report was generated and maintained by Transunion, a consumer reporting agency as defined by 15 U.S.C § 1681 a(f). Plaintiff obtained the report on December 12th, 2023. On February 13, 2024, Plaintiff Andrea L. Marion ("Plaintiff") filed her Complaint claiming that Defendant Mercantile Adjustment Bureau, LLC ("Defendant" or "MAB") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). More specifically, Plaintiff claims that MAB violated the 15 U.S.C. § 1681(b)(f) when they made three (3) credit inquiries to Transunion on August 15, 2019, August 13, 2019, and March 13, 2020, without having a permissible purpose. On March 13, 2024, Defendant filed a Motion to Dismiss based on their reasoning that Plaintiff failed to allege the material elements of an FCRA violation in that it fails to allege MAB acted willfully or negligently and MAB had permissible purpose to make a credit inquiry on Plaintiff's consumer report because they are a debt collector.

## ARGUMENT

1. The Defendant states in its Motion to Dismiss that they did in fact have a permissible purpose to make a credit inquiry for the purpose of debt collection and accused Plaintiff of side-stepping the fact that MAB is a debt collector. Plaintiff did not attempt to "side-step" the fact that MAB is a debt collector, nor did Plaintiff ignore doing a google search to confirm MAB was in fact a debt collection company. This is pure speculation by the Defendant. Plaintiff is well-aware that MAB is a debt collector and filed this complaint for the sole reason they are a debt collector who Plaintiff does not have an "account" with, conducted any business relationship with or has any contractual obligation to an alleged debt they were attempting to collect on. Plaintiff clearly stated in her Complaint that "Discovery will show that defendant Mercantile Adjustment Bureau, LLC., was neither retained by an original creditor with whom Plaintiff has initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiffs consumer report". Plaintiff maintains that MAB did not have a permissible purpose

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 2

to make a credit inquiry in this instance. The mere fact that MAB is engaged in debt collection activities does not automatically confer a permissible purpose for accessing Plaintiff's consumer report. Plaintiff's complaint clearly states that the credit inquiry was unauthorized and made without a valid purpose under the Fair Credit Reporting Act.

2. Defendant mentioned that Plaintiff has other cases filed with the United States District Court, Northern District of Georgia that are similar to this case and labeled the Plaintiff as a "career plaintiff" which Plaintiff asserts that this part of the Defendants motion improperly seeks to distract from the merits of the present case and is irrelevant to the legal issues at hand. Defendant's mention of Plaintiff's previous or current lawsuits is immaterial to the legal questions before this Court. The merits of the present case should be evaluated independently of Plaintiff's past or current litigation history. Defendant's attempt to cast aspersions on Plaintiff's motives or credibility is a diversionary tactic and should not be entertained by this Court. Plaintiff's pursuit of legal remedies through the judicial system is a fundamental right guaranteed by the Constitution. Plaintiff has complied with all procedural requirements and legal standards in initiating this action. Any attempt to penalize Plaintiff for exercising her legal rights would be unjust and contrary to established principles of law. Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss based on Plaintiff's litigation history and allow this matter to proceed on its merits.

3. ***Defendant claims Plaintiff Fails to Sufficiently Allege a Culpable Mental State***

Defendant claims in their Motion to Dismiss that Plaintiff fails to state a claim and to do so Plaintiff must allege "each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state." Defendant is adamant that it is permissible to obtain a consumer's credit report for debt collection purposes and the Complaint fails to allege the material elements of an FCRA violation in that it fails to allege MAB acted willfully or negligently. Contrary to Defendant's assertion, Plaintiff contends that the Complaint adequately alleges all the material elements of an FCRA violation

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 3

under Section 1681b(f). Plaintiff has shown that there was a consumer report that the Defendant used or obtained in **Exhibit A** of her Complaint. The third and fourth element of Section 1681b(f) is to show that the Defendant obtained Plaintiff's consumer report without a permissible statutory purpose and that they acted with the specified culpable mental state. Plaintiff has never been contacted or had any direct communication with MAB via email, phone call, or mail to know if there was an actual account that they MAB had any right to collect. The FCRA, which "regulates access to individuals' 'consumer reports' (commonly known as credit reports)," provides that "[a]n entity may gain access to an individual's consumer report only with the written consent of the individual, unless the consumer report is to be used for certain 'permissible purposes,' in which case written consent is not required." *Dixon v. Shamrock Fin. Corp.*, 522 F.3d 76, 77-78 (1st Cir. 2008) (quoting 15 U.S.C. § 1681b); see also 15 U.S.C. § 1681b(f) ("A person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section[.]"). In order for Plaintiff to meet the third and fourth element of this claim which again is showing (iii) that the Defendant did obtain Plaintiffs report without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state, Plaintiff would have to have received some kind of communication from Defendant stating that they have claimed the alleged account and are attempting to collect on the alleged debt from the original creditor to show that the credit inquiry on Plaintiffs consumer report was in fact done so with permissible purpose. Plaintiff discovered on December 12, 2023, that a completely unknown entity invaded her privacy, and allegedly, according to Defendant, for the purpose of "debt collection" however the Plaintiff has not been directly contacted by MAB to the best of Plaintiffs knowledge at any point or moment in time prior to the filing of this claim. There is no evidence from Plaintiff showing that the Defendant ever contacted Plaintiff after the pull of Plaintiffs report twice in 2019 and once in 2020 to advise they are collecting on an account which can only mean the Defendant did not in fact have any connection with an alleged account to attempt to collect any alleged

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 4

debt. If they did then they failed to notify the Plaintiff of such connection with an account to collect on an alleged debt because again the credit inquiry was pulled twice in 2019 and 2020 and no reporting of an account or alleged debt was reported to the Plaintiffs consumer report a as well. Defendant has not even mentioned in their Motion to Dismiss that they even have or had an alleged account with an alleged debt to show permissible purpose for pulling Plaintiffs report. There is also no evidence from Plaintiff nor has the Defendant provided evidence establishing--that the alleged debts were "established primarily for personal, family, or household purposes" (as opposed to, say, business purposes), as required for them to qualify as "accounts" under the FCRA & 15 U.S.C. § 1693a(2). So, on the current record, there is a genuine issue of material fact as to whether MAB had a "permissible purpose" for obtaining Plaintiff's consumer report.

In the Bersaw v. Northland case (*see* Bersaw v. Northland Grp., Inc., 2015 WL 1097402 (D.N.H. Mar. 11, 2015) ((pro se; debt collector did not have permissible purpose, because it did not establish debt was "account" as defined by EFTA, including that it was established primarily for personal, family, or household purposes). The court held that obtaining a consumer's credit report for debt collection purposes does not automatically confer a permissible purpose under the FCRA. The court emphasized that debt collectors must adhere to the statutory requirements and act with the specified culpable mental state when accessing consumer reports. Bersaw v. Northland is a notable legal case that addressed the issue of whether debt collectors can obtain a consumer's credit report for debt collection purposes under the Fair Credit Reporting Act (FCRA). The case involved a consumer, Bersaw, who alleged that a debt collector, Northland, accessed his credit report without a permissible purpose, in violation of the FCRA. Bersaw claimed that Northland, who has been identified as a debt collector, pulled his reports, but he had no business dealings or an **account** with Northland, nor applied for credit or employment with them. Also, Bersaw pointed out that "there was **no account** that Northland had any right to collect" which led to Northland violating the FCRA. Northland's argument in this case was that the FCRA permits an entity to obtain a consumer report when it "intends to use the information in connection with a

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 5

credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or **collection of an account** of, the consumer[.]" 15 U.S.C. § 1681b(a)(3)(A).

MAB is claiming that because they are a debt collector, they have every right to pull Plaintiffs consumer report because they intended to use the information in connection with the collection of a debt. However, the FCRA does not permit the retrieval of Plaintiffs consumer report in connection with the collection **any** debt, but it is only permitted when the report is to be used in connection with the collection of an "**account**". Now, the FCRA provides a specific, narrow definition of the term "account", which encompasses only a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open-end credit plan as defined in [15 U.S.C. § 1602(j)]), as described in regulations of the Bureau [of Consumer Financial Protection], established primarily for personal, family, or household purposes. 15 U.S.C. § 1693a(2); see id. § 1681a(r)(4) (incorporating definition of "account" set forth in Electronic Funds Transfer Act). So, in order for this motion to dismiss to be granted in MAB's favor based on this reasoning then evidence must not only show that they accessed Plaintiffs consumer report in connection with the collection of a debt but also that the alleged debt in question satisfied the definition of **"account"**. Parties have not gotten to the point of discovery to be able to provide evidence to show that the reason for the credit inquiry was for an actual "account". Plaintiff has no idea what alleged debt or even an alleged account MAB was attempting to collect due to again no communication was ever received from MAB to Plaintiff asserting they purchased or obtained it by a creditor to collect on this alleged debt or alleged account. There was no evidence that MAB provided in this Motion to Dismiss to shed light on the nature of the alleged debt they were attempting to collect from Plaintiff to show it was an actual account involved. There may well have been a "demand deposit, savings deposit, or other asset account[s]," and they may well have been incurred "primarily for personal, family, or household purposes but because Defendant has decided to file this Motion to Dismiss before allowing Plaintiff her rights to the full judicial process because it is equally possible that the debts in

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 6

question were not such accounts and were incurred for business (or some other) purposes but granting this Motion to Dismiss will hinder Plaintiffs right and due process.

4. ***Defendants claims that the Complaint fails to allege MAB acted willfully or negligently***

Defendant states that "The Complaint provides only conclusory allegations, which are nothing more than recitation of law and do not address MAB's state of mind". Plaintiff refers to Bersaw v. Northland case where it was established that the debt collector Northland did pull the consumers report to collect on two alleged debts owed to Bersaw but there was no evidence every showing that Northland took any steps to verify whether the debt qualified as "accounts" within the meaning of the FCRA before going about what it calls its "routine process" and obtaining Bersaw's consumer report. Another court in this circuit has noted, "[i]t is well established that a debt collection agency has the right to obtain a credit report [under this provision] so long as it is done in connection with efforts to review or collect an account." Searle v. Convergent Outsourcing, Inc., No. 13-cv-11914, 2014 WL 4471522, *3 (D. Mass. June 12, 2014) (citing cases). In this case, Defendant pulled Plaintiff's consumer three (3) time on different dates ranging from 2019-2020 and claimed it was for debt collection purposes. However, just like the above case mentioned there is no evidence showing that MAB communicated with the Plaintiff in regard to this alleged debt, but also, they did not take any steps to actually verify whether the alleged debts qualified as "accounts" within the meaning of the FCRA before pulling and making a credit inquiry on Plaintiffs consumer report.  So, a reasonable finder of fact could conclude that MAB was either ignorant of, or simply ignored, the possibility that the debts Palisades retained it to collect from Plaintiff were not "accounts" within the meaning of the FCRA. This is, at a minimum, negligence, although it may well rise to the level of willfulness, too: as the Supreme Court has held, "reckless disregard of a requirement of FCRA [will] qualify as a willful violation," Safeco Ins. Co. of Amer. v. Burr, 551 U.S. 47, 71 (2007) (Souter, J.), and a finder of fact could readily conclude that MAB recklessly disregarded the FCRA's requirement that it has a "permissible purpose" for requesting Bersaw's report. So, this case adheres to the rule that "questions involving a party's state of mind are generally appropriately resolved by a jury rather

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 7

than decided summarily (*see* Thibodeaux v. Rupers, 196 F. Supp. 2d 585, 592 (S.D. Ohio 2001) (denying summary judgment to defendant on claim that defendant obtained plaintiff's consumer report without a permissible purpose). Thibodeaux v. Rupers emphasizes the principle that matters concerning a party's state of mind are typically best addressed by a jury rather than decided summarily. This underscores the importance of allowing the judicial process, including the opportunity for a trial by jury, to thoroughly assess and adjudicate issues related to a party's intentions, motives, or mental state. In legal proceedings, particularly those involving allegations of misconduct or violations of rights, understanding the subjective intentions or mental states of the parties involved can be crucial in determining liability or culpability. However, assessing such matters often requires a nuanced examination of evidence, testimony, and context, which is best suited for consideration during a trial where both parties have the opportunity to present their case fully. Granting the Defendants Motion to Dismiss can affect the process outlined in Thibodeaux v. Rupers by potentially bypassing the opportunity for a jury to consider matters related to a party's state of mind. When a defendant files a motion to dismiss, they are essentially arguing that the plaintiff's complaint fails to assert a valid legal claim, often citing reasons such as insufficient evidence or failure to state a cause of action. If the court grants the motion to dismiss, it effectively ends the case without proceeding to trial. In such instances, the plaintiff may not have the opportunity to present evidence or arguments regarding the defendant's state of mind to a jury. Instead, the court makes a determination based solely on the legal sufficiency of the plaintiff's complaint. Therefore, a motion to dismiss could potentially circumvent the process outlined in Thibodeaux v. Rupers by precluding a jury from deliberating on matters related to the defendant's state of mind.

5. ***The fact of the Complaint establishes that MAB had a Permissible purpose***

Defendant claims that "the Complaint must be dismissed because Plaintiff's own allegations demonstrate MAB had a permissible purpose to make a credit inquiry". While the defendant may cite other cases where plaintiffs failed to prove willfulness or negligence, each case must be evaluated based on its specific facts and circumstances. The present case involves distinct factual

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 8

elements and legal considerations that warrant independent analysis by the court. MAB is a debt collector and has never attempted to collect on this so-called alleged debt which is the reasoning behind the credit inquiry on Plaintiff's consumer report. Whether the debt is in default or not in default, it appears that MAB executed an "account review inquiry" for the alleged purpose of "debt collection" but then did not attempt to directly collect said alleged debt in a timely manner or even so much as contact the target consumer, to the best of Plaintiffs knowledge. Defendant mentioned that "While the court acknowledged that a consumer may not know why someone obtained their consumer credit report, this lack of knowledge was not a sufficient basis to bypass well, settled pleading requirements. Id. The Court explained that "nothing prevented [the plaintiff] from contacting [the defendant] before filing suit to inquire about the reason [the defendant] obtained the report." Id. The court cited to Fed. R. Civ. P. 11(b), which requires litigants to make reasonable inquiries before making factual contentions". Plaintiff did not know anything about "Account Review Inquiries" and was only knowledgeable on hard inquiries. Plaintiff began to study consumer law and focused more on FCRA and FDCPA laws and regulations and when Transunion later gave Plaintiff access to her old reports in December 2023, it was then Plaintiff noticed all the Account Review Inquiries made on her consumer report and knowing that there were no accounts attached to this alleged debt due to never received any communication from the debt collector was an unauthorized inquiry especially since it's been almost 2 years since the inquiry. When Plaintiff noticed the inquiries from MAB, Plaintiff did not contact MAB because again the inquiries were made in 2019 and 2020 so if an alleged debt or account existed for the Plaintiff then the defendant would have contacted me back then and even prior to me filing this claim to attempt to collect on this alleged debt and/or "account". No contact was ever made so Plaintiff assumed as any normal person in their right mind would that there was no legitimate account MAB could have because they did not follow the typical debt collector duties of contacting the target consumer to advise they have the alleged debt and/or account and they want me to make a payment and even if they did communicate with me and Plaintiff did not receive the communication, there was no reporting of this alleged debt or account reporting on Plaintiffs

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 9

consumer report which usually takes place after a certain period when debt collectors do not get a response to dispute the alleged debt and/or account.

  Plaintiff took action on her own and contacted MAB on 3/15/2024 at 12:51pm and spoke to the representative Debra Welch who is an employee for MAB. Debra advised me that she had looked up my name and social security number in her system and did not find any account that belonged to me and my personal identifiable information that was given. This not only confirms there was never an alleged debt or an account with MAB, but this information helps establish the third and fourth elements of my claim, which require showing that the defendant used or obtained your consumer report without a permissible statutory purpose and that they acted with the specified culpable mental state. By demonstrating that the defendant did not have a valid reason or permissible purpose to access your credit report, this strengthens my argument against MAB's motion to dismiss. This evidence suggests that the defendant's actions may have been in violation of the FCRA, as they lacked a legitimate reason to obtain your consumer report. The call was recorded and will be presented as evidence if needed as **Exhibit B**.

The confirmation from the defendant's representative supports my claim and warrants further consideration by the court and the motion to dismiss should be denied because genuine issues of material fact exist regarding the defendant's actions and intentions, which should be resolved through further discovery and proceedings in the case.

  Plaintiff again has never denied MAB being a debt collector and engaging in collection activities and this is imply the defendant placing words and using their own interpretation of Plaintiffs Complaint to try and distract the Court from the merits of the present case. Plaintiff has never argued for their reasoning to dismiss this case that there was an actual alleged debt or account and that was the reason behind them obtaining Plaintiffs consumer report. Plaintiff has yet to receive any "account-level" documentation evidence from Defendant demonstrating any "assignment" of any debt-collection rights" or receive any enforceable contract or agreement demonstrating MAB 's right to collect on behalf of any alleged original creditor for any alleged debt and/or account regarding the Plaintiff that is either in default or is not in default. In fact,

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 10

MAB, to the best of Plaintiffs knowledge, has produced no authenticated "account-level" evidence proving MAB has any right whatsoever to either attempt to collect any alleged debt from the Plaintiff or any right whatsoever to "purchase" the Plaintiff consumer report or consumer file from Transunion or from any consumer reporting agency ostensibly for "Account Review Inquiry" purposes. The Defendant did not make any specific demands upon the consumer, "ANDREA MARION," or make any demands to make any payments to any entity whatsoever, which is not consistent again with the typical expected behavior of so-called "debt collectors". The following questions remain valid:

1. What was the Defendant MAB alleged "permissible purpose?"
2. Which specific subsection as identified under the FCR Section 1681b [letter and/or number] is MAB claiming?
3. Is MAB also willing to provide the verbatim "general or specific certification" information language? i.e., the information that is required to be conveyed by MAB to the consumer reporting agency ("CRA") as mandated by section 1681b(f)(2) of the FCRA?
4. If MAB in fact possesses the aforementioned hypothetical evidence, then why did MAB not produce such evidence prior to litigation?
5. Why does MAB not make refence to any such evidence in its Motion to Dismiss?

There is no mention of any such "account-level" evidence received by the Plaintiff from MAB.

Defendant claims over and over in its Motion to Dismiss that it had "authority' 'or "permissible purpose" to purchase and obtain the Plaintiffs consumer report but never once produces, or even alludes to, any admissible authenticated account-level documentation/evidence, or any evidence whatsoever granting any claimed authority or permissible purpose. The only way to get to the bottom of this disagreement is through exhaustive discovery.

The defendant simply draws the conclusion that it has a supposed "right" for account review inquiry by simply stating the words "debt collection" and yet MAB repeatedly fails to provide any

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 11

authentic admissible evidence of any alleged "account" and MAB fails to provide any authentic admissible evidence of a valid and proper "assignment" form an alleged original creditor, and MAB refuses to provide any admissible evidence of any enforceable contract executed with any alleged original creditor that supposedly provides MAB with "debt collection rights" or "account review inquiry rights" with any CRA in regard to Plaintiff.

It is worth noting that of Defendant MAB is making the claim that it is in fact, a "debt-collector" engaged in the act of "debt collection" then MABB must also comply with the FDCPA title 15 USC 1692 *et al*; however, the Plaintiff did not receive the proper "written notice" from MAB as required under Title 15 USC 1692g(a), which is recited below:

**(a)Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 12

The Defendant MAB makes no mention of any such required "written notice" in its Motion to Dismiss. Again, the Plaintiff never received such "written notice" at any point in time up to and through the date of the filing of this opposition to the Defendant's Motion to Dismiss.

Furthermore, the burden falls on the defendant to establish that they had a permissible purpose for accessing the plaintiff's credit report. This includes verifying that the alleged debt constitutes an "account" as defined by the FCRA. If the defendant cannot demonstrate that the debt meets these criteria, it raises questions about the legitimacy of their actions and whether they acted in compliance with the FCRA. Therefore, in the absence of clear evidence confirming that the alleged debt qualifies as an "account" under the FCRA, the plaintiff's Complaint stands as a valid challenge to the defendant's actions. It is imperative for the defendant to provide substantiated evidence supporting their claim of a permissible purpose, including verification of the nature of the debt in question.

## CONCLUSION

WHEREFORE, because Defendant has failed to bring forth any cognizable or legitimate arguments for dismissal before this honorable Court, Plaintiff respectfully requests the Court to deny Defendant's Motion to Dismiss and allow Plaintiff's claim to move forward to trial on the merits. In the even the Court finds that the Plaintiff has failed to state a claim as alleged by the Defendant, the Plaintiff requests leave of this Court to file an amended complaint to cure any deficiencies identified by this Honorable Court.

March 15, 2024

Andrea L Marion

3201 Kenelworth Dr apt 5

Atlanta, GA 30344

Telephone: 716-342-5798

Email: mariona101@mail.buffalostate.edu

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC'S MOTION TO DISMISS - 13