FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 03 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF GEORGIA

ANDREA L MARION,

        Plaintiff,

vs.

MERCANTILE ADJUSTMENT BUREAU,
LLC.

        Defendant

Case No.:

**AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL**

## INTRODUCTION

1. This is a civil action for actual, punitive, statutory damages and cost brought upon by Andrea L Marion., ("Plaintiff") an individual consumer, against defendant, Mercantile Adjustment Bureau, LLC., hereinafter ("MAB") for violations of the Fair Credit Reporting Act, 15 U.S. Code § 1681 et seq. (hereinafter "FCRA").

## BASIS FOR JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 U.S.C § 1331.

3.     All conditions precedent to the bringing of this action have been
performed.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b)(1)
and 28 U.S.C § 1391(b)(2) because a substantial part of the events,
omissions or conducts giving rise to Plaintiff claim occurred in this
judicial district. Defendants transact business in Atlanta, Georgia.

5.     The Court has supplemental jurisdiction of any state law claims pursuant
to 28 U.S.C § 1367.

## PARTIES

6.     Plaintiff Andrea L Marion is a natural person and consumer as defined by
15 U.S.C § 1681a(c), residing Atlanta, Georgia.

7.     Upon information and belief, Mercantile Adjustment Bureau, LLC., is a
New York state corporation. Services of process for Defendant is
Corporation Service Company 2 Sun Court, Suite 400, Peachtree Corners,
GA 30092, USA.

8.    The acts of Defendants as described in the Complaint were performed by
      Defendant or on Defendant's behalf by its owners, officers, agents, and /or
      employees acting withing the scope of their actual or apparent authority.
      As such, all references to "Defendant" in this Complaint shall mean
      Defendants or their owners, officers, agents, and/or employees.


## FACTUAL ALLEGATIONS

9.    On or about May 25, 2021, a consumer report pertaining to Plaintiff was
      generated and maintained by Transunion, a consumer reporting agency as
      defined by 15 U.S.C § 1681a(f).

10.   Plaintiff obtained the report from Transunion on December 12th, 2023.

11.   On multiple occasions, Defendant MAB accessed Plaintiff's consumer
      credit report without permissible purpose, in violation of 15 U.S.C. §
      1681b. Specifically, on 08/15/2019, 08/13/2019, 03/12/2020. *See* Exhibit
      A.

12.   Plaintiff had no prior dealings, transactions, or debts with MAB, nor any
      business relationship that would justify these inquiries.

13.    MAB did not provide documentation to support the existence of any
       alleged debt they were collecting on behalf of a creditor.

14.    Despite lacking a permissible purpose, Radius accessed Plaintiff's credit
       report, constituting a violation of the FCRA.

## **Pattern of Misconduct**

15.    The Defendant, Mercantile Adjustment Bureau, LLC, has engaged in a
       consistent pattern of accessing consumers' credit reports without a
       permissible purpose, in violation of 15 U.S.C. § 1681b. This pattern of
       misconduct is evidenced by multiple consumer complaints and legal
       challenges across various jurisdictions.

16.    It is expected that discovery in this case will reveal additional instances of
       unauthorized credit report pulls by MAB, demonstrating a pattern of
       reckless indifference to FCRA requirements, as has been alleged in
       multiple consumer complaints and disputes with regulatory bodies.

17.    Mercantile Adjustment Bureau's actions are consistent with a broader
       industry-wide pattern of debt collectors accessing consumer credit reports
       without permissible purpose, as documented in numerous complaints
       against similar companies for FCRA violations.

18.  In *Jefferson-James v. Mercantile Adjustment Bureau LLC* case, MAB
     was accused of accessing the plaintiff's credit report without a permissible
     purpose under 15 U.S.C. § 1681b(f) of the FCRA. The plaintiff argued
     that MAB failed to provide evidence of an existing debt that would justify
     the credit inquiry. The court noted that MAB's inability to present any
     supporting documentation raised questions about the legitimacy of their
     actions, which aligns with your own claim.

19.  In *Cohen v. Mercantile Adjustment Bureau, LLC* case, MAB faced
     allegations under the FCRA for improperly accessing consumer credit
     reports. The plaintiff claimed that MAB did not have a permissible
     purpose, as required by the FCRA, for obtaining their credit report. This
     case can help demonstrate that MAB has a history of not adhering to the
     permissible purpose requirements when accessing consumer reports.

20.  This *Goodman v. Mercantile Adjustment Bureau, LLC* class action
     lawsuit accused MAB of violating the Fair Debt Collection Practices Act
     (FDCPA) and the FCRA. The plaintiff alleged that MAB engaged in
     improper credit inquiries without a legitimate purpose, further supporting
     the pattern of behavior you are highlighting.

21.     MAB has previously engaged in similar conduct, reinforcing Plaintiff's
        argument that they acted willfully or with reckless disregard for the
        FCRA's requirements. By showing that this is a pattern of misconduct,
        Plaintiff strengthens her claim that MAB's actions were not accidental but
        rather part of a broader disregard for legal obligations.

21.     Given the Defendant's pattern of misconduct, as evidenced by numerous
        consumer complaints and failures to comply with FCRA obligations,
        Plaintiff is entitled to statutory damages, punitive damages, and attorneys'
        fees under 15 U.S.C. § 1681n for willful violations of the FCRA.

## MAB's Failure to Confirm a Legitimate Reason for the Inquiry

22.     Defendant failed to take the necessary steps to confirm the existence of a
        valid debt or business relationship before accessing Plaintiff's credit
        report.

23.     Prior to accessing a consumer's credit report, the FCRA obliges
        companies like MAB to ensure they have a permissible purpose, such as
        collecting on an existing account or verifying a debt. Defendant failed to
        communicate with Plaintiff or provide any validation of a debt before
        accessing her credit report.

24.    The Defendant Mercantile Adjustment Bureau (MAB) has faced several complaints as shown above regarding unauthorized credit report inquiries and questionable debt collection practices. In forums and consumer complaints, individuals have reported unauthorized hard pulls of their credit reports by MAB, often without receiving any prior communication or proper validation of the debt being collected. For example, in one complaint, a consumer discovered a hard inquiry from MAB on their credit report despite not receiving any debt validation or communication, leading to suspicions of improper access to their credit report.

25.    Additionally, in complaints lodged with the **Better Business Bureau (BBB)**, consumers frequently report issues with debt validation, such as failing to receive proper documentation or explanation about the debts MAB is attempting to collect. In some cases, MAB has been slow to correct these errors, further highlighting concerns about its practices under the Fair Credit Reporting Act (FCRA).

26.    On July 6, 2024, a complaint filed with the Better Business Bureau detailed how MAB accessed the complainant's credit report without providing any debt validation or prior notice, further supporting a pattern of unauthorized access to consumer credit reports.

27.   In Super Money's consumer guidance for MAB, it is highlighted that MAB often conducts credit report inquiries that consumers find disputable or unauthorized. This type of conduct has led to many consumers filing disputes and seeking removal of these inquiries through credit bureaus.

28.   According to MyFico Forums (2010), a consumer noted that MAB conducted a hard inquiry on their TransUnion credit report without any prior communication or notice. The consumer did not have an account with MAB and had not received any debt collection notices, raising concerns about the legitimacy of the inquiry.

29.   These cases demonstrate that MAB has faced repeated accusations of improperly pulling credit reports, which strengthens Plaintiff's argument in court by showing a broader pattern of violations and MAB's alleged reckless disregard for FCRA requirements.

30.   Although these sources do not cite specific court rulings, they indicate a pattern of complaints that might be relevant to your case, especially when arguing for a history of unauthorized actions by MAB.

## Lack of Communication or Debt Verification

31.    Under the Fair Credit Reporting Act (FCRA), companies accessing consumer credit reports must have a permissible purpose. This can include debt collection, but only if the debt exists, and the consumer is connected to it.

32.    Defendant Mercantile Adjustment Bureau (MAB) accessed Plaintiff's consumer report on multiple dates as stated above without contacting Plaintiff to verify any alleged debt. Under the FCRA, 15 U.S.C. § 1681b(a)(3), a permissible purpose, such as debt collection, requires a legitimate and existing debt. Plaintiff asserts that no such debt exists, and MAB made no attempt to contact or notify Plaintiff before pulling her credit report. This lack of verification constitutes a reckless disregard of Defendant's duty to ensure a permissible purpose before accessing Plaintiff's sensitive financial data.

33.    Under 15 U.S.C. § 1692g of the FDCPA, debt collectors are required to provide a debt validation notice within five days of their initial communication with the consumer. This notice must include the name of the original creditor, the amount of the debt, and the consumer's right to dispute the debt. If the consumer disputes the debt within 30 days, the collector must stop collection activities until the debt is verified and provide a copy of the verification.

34. Similarly, the FCRA requires that debt collectors accessing consumer reports must have a permissible purpose, such as collecting on a verified debt under 15 U.S.C. § 1681b. If the debt has not been validated, the collector has no permissible purpose to pull the credit report.

35. Despite accessing my credit report, MAB never sent any communication to notify me of the existence of a debt, as required under 15 U.S.C. § 1692g. At no point did MAB provide me with a validation notice or explain the reason for accessing my report, indicating a lack of communication that further supports their unlawful behavior.

36. As demonstrated in *Jefferson-James v. Mercantile Adjustment Bureau*, MAB has previously been found to lack a permissible purpose for pulling consumer credit reports when no legitimate debt was established. Like in that case, MAB failed to demonstrate a valid reason for accessing my report, which further highlights their violation of 15 U.S.C. § 1681b.

## Pattern of Failing to Validate Debts

36. When a company seeks to collect a debt, the FCRA requires that they ensure the debt is valid and owed by the consumer whose report they access.

37.   Defendant's actions are consistent with a pattern of reckless disregard for consumer rights under the FCRA, as demonstrated in cases such as in ***Jefferson-James v. Mercantile Adjustment Bureau***, the court found that MAB's failure to provide evidence of a legitimate debt assignment raised questions about whether they had a permissible purpose to access the plaintiff's credit report. Similar to that case, MAB accessed my report without any proof of a valid debt.

## **Failure to Validate Before**

## **Accessing Your Credit Report**

38.   MAB failed to validate the debt before accessing your credit report. Without verification of the debt, MAB did not have a permissible purpose under the FCRA to pull your credit report, making their actions unlawful.

39.   MAB accessed my credit report on [insert dates], despite failing to provide any validation of the alleged debt, as required under 15 U.S.C. § 1692g of the FDCPA. Without verifying the existence of the debt, MAB lacked a permissible purpose under 15 U.S.C. § 1681b to access my credit report, in clear violation of the Fair Credit Reporting Act.

40.   MAB's pattern of failing to verify debts before acting. For example, in ***Cohen v. Mercantile Adjustment Bureau***, MAB was accused of failing to

provide validation for an alleged debt before pulling the plaintiff's credit
report. Use such cases to demonstrate that MAB's failure to verify debts is
not an isolated incident but part of a broader pattern.

41.    As a result of MAB's unauthorized inquiry into my credit report without
       verifying the debt, I suffered emotional distress and damage to my credit
       score. This failure to verify the debt before accessing my private financial
       information constitutes a willful violation of my rights under the FCRA,
       entitling me to statutory, actual, and punitive damages.

## **Access Without Collection Activity**

42.    MAB pulled your report multiple times (in 2019 and 2020), but no
       communication or collection efforts were made to resolve any alleged
       debt, indicating a lack of legitimate reason for the inquiries. The fact that
       MAB accessed your report repeatedly without any subsequent attempts to
       contact or collect the debt is evidence of bad faith and reckless behavior.

43.    ***Bersaw v. Northland Grp. Inc.***, 2015 WL 1097402 (D.N.H. Mar. 11,
       2015), held that a debt collector pulling a report without attempting to
       collect the debt and without a pre-existing relationship did not have a
       permissible purpose under the FCRA.

44.     MAB never provided any documentation or correspondence to justify
        pulling your credit report. The absence of any notice, collection letters, or
        other evidence of an existing debt reinforces that they did not act with a
        permissible purpose and acted recklessly.

45.     In *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001), the
        court explained that the failure to follow up on obvious indications that
        information was inaccurate or unauthorized could amount to reckless
        disregard under the FCRA.

### Reckless Disregard for Regulatory Obligations

46.     MAB, as a large and experienced debt collector, is familiar with the
        FCRA's requirements and still chose to access your report without
        ensuring a permissible purpose. This should be framed as a knowing
        violation, or at the very least, reckless disregard for the statutory
        obligations under the FCRA.

### No Permissible Purpose Under the FCRA

42.     The Fair Credit Reporting Act, under 15 U.S.C. § 1681b, requires that
        entities accessing a consumer's credit report have a permissible purpose.
        These purposes typically include:

- A credit transaction initiated by the consumer

- Collection of an *account* associated with the consumer

- Employment purposes (with consumer consent)

- Insurance underwriting

43.    Since MAB did not have a valid, existing debt collection reason (or any
       other permissible purpose), you can argue that they violated this section of
       the FCRA by pulling your report.

44.    MAB has failed to demonstrate any valid debt, existing relationship, or
       other legally recognized purpose for pulling my report, and as such, their
       actions constitute a violation of the Fair Credit Reporting Act.

## **Pattern of Non-Compliance**

45.    MAB's actions in this case reflect a broader pattern of misconduct. In
       multiple consumer complaints and legal actions, MAB has been accused
       of pulling credit reports without permissible purpose, including Cohen v.
       Mercantile Adjustment Bureau, where similar claims were raised. This
       pattern of non-compliance supports the conclusion that MAB willfully
       disregarded its legal obligations in my case.

## **Debt Collection Is Not an Automatic Permissible Purpose**

46.     Debt collectors often argue that their role as debt collectors grants them a
        permissible purpose to access credit reports. However, several courts have
        rejected this automatic assumption:

- ***Dennis v. Trans Union, LLC***, 526 F. Supp. 2d 1115 (E.D.
  Pa. 2007): The court held that merely being a debt collector
  does not automatically grant the right to access consumer
  reports unless the collection involves an "account" as
  defined under the FCRA.
- ***Huertas v. Galaxy Asset Management***, 641 F.3d 28 (3d
  Cir. 2011): In this case, the court made clear that debt
  collection does not by itself grant permissible access to a
  consumer's credit report. The debt collector must establish
  that the debt was legitimate and involved a consumer
  transaction.

## **Challenge Defendant's Motion Under 12(b)(6)**

47.     MAB's motion to dismiss under 12(b)(6) hinges on arguing that you have
        not properly alleged a violation of the FCRA.

48.     **Well-Pleaded Facts:** Reference *Ashcroft v. Iqbal, 556 U.S. 662 (2009),
        and Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to show that

your complaint contains sufficient factual detail, including the dates MAB
pulled your credit report, the lack of any valid debt or account, and the
harm you suffered. Courts have repeatedly denied motions to dismiss
where plaintiffs have laid out specific details showing the lack of
permissible purpose.

49.     **Pattern or Practice:** MAB's violation was part of a broader pattern of
improper conduct, as mentioned in Safeco. If you can point to similar
consumer complaints against MAB, that would help establish a pattern of
reckless disregard for FCRA compliance.

## Demand for Discovery

50.     Discovery is necessary to determine whether MAB had any legitimate
connection to a debt or account involving Plaintiff. By requesting
discovery, Plaintiff can allow MAB to produce evidence of the alleged
account. Cases like *King v. Equable Ascent Financial, LLC*, 2013 WL
2474377 (M.D.N.C. June 10, 2013), emphasizes the importance of
discovery in FCRA claims when factual disputes about permissible
purpose arise.

## Concrete and Particularized Injury:

## Article III Standing

51. In *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), the U.S. Supreme Court
    made it clear that for standing under Article III, the plaintiff must show
    that they have suffered a "concrete" and "particularized" injury. In your
    case, you can cite Spokeo to demonstrate that MAB's unauthorized access
    to your credit report caused specific harm:

    - **Emotional Distress:** *Parker v. Parker, 627 F. App'x 835*
      (11th Cir. 2015), which recognized emotional distress as a
      valid form of injury for unauthorized access under the
      FCRA.

    - **Invasion of Privacy:** *Perez v. Portfolio Recovery Assocs.,
      LLC*, 2019 WL 2517342 (N.D. Cal. 2019), which
      highlights that unauthorized inquiries into credit reports
      without a permissible purpose constitute an invasion of
      privacy.

    - **Loss of Time and Resources:** Plaintiff had to spend time
      and effort disputing the unauthorized inquiry, similar to
      *Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355
      (N.D. Ga. 2017), where loss of time was recognized as part
      of the harm caused by FCRA violations.

## CLAIMS FOR RELIEF

## COUNT I: Violation of FCRA 15 U.S.C. § 1681b

46.     Plaintiff incorporates by reference the preceding paragraphs as if fully set
        forth herein.

47.     Under 15 U.S.C. § 1681b, a person may only access a consumer's credit
        report for specific permissible purposes, such as collection of an existing
        debt. Defendant failed to meet any permissible purpose in accessing
        Plaintiff's credit report.

48.     Defendant accessed Plaintiff's credit report without authorization, as no
        valid debt existed, and no permissible purpose could be established.

49.     In *Jefferson-James v. Mercantile Adjustment Bureau*, MAB was accused
        of similar violations for failing to provide documentation of an existing
        debt before accessing a consumer's credit report.

50.     Defendant's actions were willful and reckless, demonstrating a disregard
        for Plaintiff's rights under the FCRA, as Defendant failed to verify any
        debt before accessing Plaintiff's consumer report.

51.     Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n for willful
        violations of the FCRA, including statutory damages, punitive damages,
        and attorney's fees.

## COUNT II: Failure to Verify Debt in Violation of

## FDCPA, 15 U.S.C. § 1692g

52.   Plaintiff incorporates by reference the preceding paragraphs as if fully set
      forth herein.

53.   Under 15 U.S.C. § 1692g, debt collectors are required to provide a written
      notice within five days of their initial communication with the consumer,
      including information about the debt and the consumer's right to dispute
      it.

54.   Despite accessing Plaintiff's credit report, Defendant did not communicate
      with Plaintiff about the debt, nor did it provide a validation notice, as
      required by the FDCPA.

55.   In ***Cohen v. Mercantile Adjustment Bureau***, LLC, MAB similarly faced
      claims for failing to validate the existence of a debt before pulling a
      consumer's credit report.

56.   Defendant's failure to provide validation further establishes that it had no
      lawful purpose to access Plaintiff's credit report, making Defendant's
      actions unlawful under the FDCPA.

57.    Plaintiff seeks damages under 15 U.S.C. § 1692k, including actual
       damages, statutory damages, and attorney's fees.

### COUNT III: Willful Violation of the FCRA

58.    Plaintiff incorporates by reference the preceding paragraphs as if fully set
       forth herein.

59.    Defendant acted willfully in obtaining Plaintiff's consumer report without
       permissible purpose and failed to communicate or verify any debt. This
       reckless conduct constitutes a willful violation of the FCRA, as defined by
       Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

60.    Defendant's failure to follow reasonable procedures to verify the existence
       of the debt before accessing Plaintiff's credit report shows reckless
       indifference to FCRA compliance.

61.    In *Braun v. United Recovery Systems*, the court held that debt collectors
       must establish a legitimate reason before accessing consumer reports,
       further supporting Plaintiff's claim.

62.    In *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007): This
       case is foundational for understanding what constitutes willfulness under
       the FCRA. It established that willfulness includes both knowing and

reckless violations. Emphasize that MAB either knew or recklessly

disregarded that it lacked a permissible purpose to access your credit

report.

63.     In *Cousin v. TransUnion Corp.*, 246 F.3d 359 (5th Cir. 2001): This case

demonstrates that a negligent failure to comply with FCRA's provisions

can result in liability. Point out that even if MAB did not act willfully,

their negligence in failing to confirm whether a legitimate account existed

still violates FCRA.

62.     Plaintiff seeks punitive damages, statutory damages, and attorney's fees

pursuant to 15 U.S.C. § 1681n.

## **JURY DEMAND AND PRAYER FOR RELIEF**

Wherefore, Plaintiff Andrea L Marion , respectfully demands a jury trial and

request that judgment be entered in favor of the Plaintiff against the Defendants

for:

- (a) Award statutory damages of $1,000 for each willful violation of the

    FCRA;

- (b) Award punitive damages as allowed under 15 U.S.C. § 1681n;

    (c) Award actual damages for harm caused by Defendant's unlawful

    actions;

    (d) Award statutory damages under the FDCPA;

    (e) Grant such other and further relief as this Court may deem just and

    proper.

Dated September 27, 2024

Respectfully Submitted,

Andrea L Marion

3201 Kenelworth Dr apt 5

East Point, GA 30344

716-342-5798

dreabby7556@amfinancialservice.com